IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAMON R. CAPANZANA AND<br>JUANITA G. CAPANZANA,<br>　　Plaintiffs, | §<br>§<br>§ | |
| v. | § | CASE NO.  7:15-cv-98 |
| | §<br>§ | |
| PROPERTY & CASUALTY INSURANCE<br>COMPANY OF HARTFORD<br>　　Defendant. | §<br>§<br>§ | JURY TRIAL REQUESTED |

## DEFENDANT PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD'S NOTICE OF REMOVAL

Property & Casualty Insurance Company of Hartford ("Hartford" or "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Ramon R. Capanzana and Juanita G. Capanzana v. Property & Casualty Insurance Company of Hartford,* Cause No. C-8896-14-E, on the docket of the 275th Judicial District Court of Hidalgo County, Texas.  In support of this Notice of Removal, Defendant respectfully represents the following:

1.　　Ramon R. Capanzana and Juanita G. Capanzana ("Plaintiffs") commenced the captioned action against Defendant on or about December 30, 2014, by filing Plaintiffs' Original Petition (the "Petition") in the 275th Judicial District Court of Hidalgo County, Texas.

2.　　A copy of all process, pleadings, and orders in the state court action are filed herewith, or will be supplemented as soon as undersigned counsel receives them from the trial court. [*See* Index of Matters Being Filed:

　　(a) Notice of Removal;

　　(b) Certified Copy of State Court's File (Exhibit A – will be supplemented with certified

copy when received from the state court);

(c) Hartford's February 17, 2015 State Court General Denial, Special Exceptions and Defenses (Exhibit B);

(d) Letter to Plaintiffs' Counsel regarding Stipulation of Damages and Unexecuted Stipulation (Exhibit C);

(e) Plaintiffs' Demand Letter (Exhibit D); (e) Declaration Pages from Policy (Exhibit E);

(f) List of All Parties and Counsel of Record (Exhibit F); and

(g) Notice to State Court of Filing of Notice of Removal (Exhibit G).]

3. Upon information and belief, Plaintiffs are individuals residing in Hidalgo County, Texas.

4. The Petition alleges that Defendant Hartford is an insurance company engaging in the insurance business in the state of Texas. (Petition, ¶ II).  In fact, Hartford is a corporation that domiciled in the State of Indiana and maintains its principal place of business in Hartford, Connecticut.

5. The Petition alleges that Plaintiffs own residential property located at 2204 S. 45th Street, McAllen, Hidalgo County, Texas, 78504, which was insured under an insurance policy issued by Hartford.  (Petition, ¶ IV).

6. The Petition alleges that on or about October 18, 2012, a "windstorm/hailstorm events" caused water damages, including damage to the architectural finishes of the property. Plaintiffs' property.  (Petition, ¶ IV).

7. The Petition alleges that Hartford failed to adequately indemnify Plaintiffs for the damage, among other allegations. (Petition, ¶¶ VI-XI).

8.      Plaintiffs do not allege the amount of damages they seek in the lawsuit, other than to say that the amount exceeds the jurisdictional limit of the Hidalgo District County Court in which they filed the lawsuit. (Petition, ¶ III).

9.      Hartford was served with the Petition on January 21, 2015.

10.     However, the Petition does not specify an amount in controversy or maximum amount of damages sought, as required by Texas Rule of Civil Procedure 47, so it was not immediately evident whether the case was removable.

11.     On January 28, 2015, Hartford's undersigned counsel faxed to Plaintiffs' counsel with a Stipulation of Damages, which Plaintiffs' counsel did not return by the February 6, 2015 deadline (Exhibit C).

12.     This Notice of Removal is filed within 30 days of the deadline for the return of the Stipulation of Damages, which is the day that it became evident to Hartford that the amount in controversy exceeded $75,000.  Therefore, this removal is timely under 28 U.S.C. Section 1446(b).

13.     Defendant denies the underlying facts as alleged by Plaintiffs or as summarized below.  Defendant expressly denies that it has any liability to Plaintiffs.

### DIVERSITY JURISDICTION

14.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15.      Plaintiffs reside in Hidalgo County, Texas.

16.     Hartford is domiciled in the State of Indiana and maintains its principle place of

business in Hartford, Connecticut.

17.   The amount in controversy exceeds the jurisdictional minimum.

18.   In the Petition, Plaintiffs do not allege the amount of damages they seek in the lawsuit, other than to say that the amount exceeds the jurisdictional limit of the Hidalgo District County Court in which they filed the lawsuit (which is $500).  (Petition, ¶ III).

19.   When a plaintiff's pleading does not allege a specific amount of damages, the removing party defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

20.   Although Plaintiffs' Original Petition is silent as to the amount of actual damages they seek in this action, this is an insurance "bad-faith" case in which Plaintiffs seek damages for Hartford's alleged refusal to pay insurance benefits and wrongful handling of Plaintiffs' wind or hailstorm claim. According to Plaintiffs' Petition, their property located at 2204 S. 45th Street, McAllen, Texas, 78504, sustained "covered losses in the form of a windstorm/hailstorm event on or about OCTOBER 18, 2012 in Hidalgo County, and water damages resulting there from [sic], including damage to the architectural finishes of the property."  (Petition, ¶ IV)

21.   Plaintiffs also seek attorneys' fees[2] (Petition, ¶ XII), damages for mental anguish (Petition, ¶ XII), and statutory penalties under the Texas Insurance Code (Petition, ¶ X) in this case.  Plaintiffs further allege that Hartford knowingly and intentionally violated the Texas Insurance Code (entitling them to treble damages) and intentionally breached its duty of good faith and fair dealing (Petition, ¶¶ VII & IX).  Finally, Plaintiffs allege that Hartford's conduct was so egregious, that they should be awarded exemplary and punitive damages (Petition, ¶ XII).

---

[1] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

[2] Attorneys' fees and penalties are included as part of the amount in controversy.  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

22. Moreover, Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that Plaintiff will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10.

23. Plaintiffs did not file a binding stipulation or affidavit with their Petition.

24. On January 28, 2015, Hartford's undersigned counsel provided Plaintiffs' counsel with a stipulation that conforms to the requirements of *De Aguilar*, and requested that the Plaintiffs execute and return the Stipulation by February 6, 2015, in order to avoid removal. (Exhibit C)

25. Plaintiffs did not return the Stipulation to undersigned counsel by February 6, 2015, and have not as of the date this Notice of Removal is filed. In addition, a subsequent conversation with Plaintiffs' counsel has confirmed that the Plaintiffs will not execute the Stipulation of Damages.

26. Where the Plaintiffs' Petition does not affirmatively establish the bases for diversity jurisdiction at the time of filing, the case may become removable where a diverse defendant files the notice of removal within thirty days after the defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable." 28 U.S.C. §1446(b)(3); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); *cf. Durham v. Lockheed Martin Corp.*, 455 F.3d 1247, 1251-52 (suit was removable, but

5

not removed, based on diversity when filed; suit later became removable, and was considered timely removed, based on federal officer grounds which did not become apparent until after Defendant received interrogatory answers).

27.     The present case has become removable where it was previously not apparent on the face of the Original Petition, because Hartford has now received confirmation that the amount in controversy exceeds $75,000.00, by Plaintiffs' refusal to execute the proposed Stipulation of Damages. This unequivocally establishes that Plaintiffs are seeking more than $75,000 by reason of the suit.

28.     Plaintiffs' failure to execute the Stipulation of Damages in response to the written request to do so, shows that the amount in controversy exceeds $75,000.00, thereby making this case removable. 28 U.S.C. §1(c)(3)(A); *Chapman*, 969 F. 2d at 164.

29.     This Notice of Removal is filed within 30 days of the deadline that undersigned counsel gave Plaintiffs' counsel to return the signed Stipulation of Damages, which was February 6, 2015.

30.     Additionally, before litigation was commenced in this case, the Plaintiffs' counsel sent a demand letter to Hartford, dated November 18, 2014, which demanded $283,497.63 in damages, of which $166,763.33 were alleged to be economic damages based on an estimate of damages. A copy of that demand letter is attached hereto as Exhibit D. The demand letter is persuasive authority that the amount in controversy in this lawsuit exceeds $75,000.00.

31.     Moreover, the limit of insurance for the building in this case is $691,000.00, and the limit of insurance for contents is $518,250.00. See Exhibit E, hereto, the declaration page from the applicable policy. While not controlling of the amount in controversy, the limit of insurance is also persuasive authority to show that the amount in controversy in this lawsuit

exceeds $75,000.00.

32.     Hartford does not admit the underlying facts as alleged by Plaintiffs or as summarized above or below.  Hartford expressly denies that it has any liability to Plaintiffs.

## **REMOVAL PROCEDURE**

33.     Hartford has provided the clerk of the 275th Judicial District Court of Hidalgo County, Texas with notice of this removal.

34.     Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with this Notice of Removal:

   a.   An index of matters being filed;

   b.   The state court file, including any and all executed process, pleadings and exhibits thereto, and state court orders, (to be supplemented with the certified file when received) and

   c.   A list of all parties and counsel of record.

WHEREFORE, Hartford hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/Martin R. Sadler*
Martin R. Sadler
Texas Bar No. 00788842
Federal Id No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANT
PROPERTY & CAS. INS. CO. OF HARTFORD

OF COUNSEL:

Marjorie M. Salazar
Texas Bar No. 24033030
Federal Id No. 1121045
msalazar@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN &
  HUBBARD, A LAW CORPORATION
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## CERTIFICATE OF SERVICE

I hereby certify that on this the **6th day of March, 2015**, a copy of the foregoing has been served on all counsel of record in this action by electronic service or facsimile or by U.S. Mail to:

Pape Malick Djiba
V. Gonzalez & Associates, P.C.
121 N. 10th Street
McAllen, Texas 78501
Facsimile: 956-630-0383

                                                   */s/ Martin R. Sadler*
                                                   Martin R. Sadler