

COPY

PP0012048130

LAW DEPARTMENT

JAN 21 2015

LITIGATION UNIT

C-8896-14-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD**
ONE HARTFORD PLAZA T 17 81
HARTFORD, CT 06155

You are hereby commanded to appear by filing a written answer to the **PLAINITFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 275th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 30th day of December, 2014 and a copy of same accompanies this citation. The file number and style of said suit being, **C-8896-14-E, RAMON R. CAPANZANA AND JUANITA G. CAPANZANA VS. PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD**

Said Petition was filed in said court by Attorney Pape Malick Djiab; 121 N 10th ST McAllen TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of January, 2015.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

**JOSEPH GONZALEZ, DEPUTY CLERK**

CERTIFIED MAIL 7014 1200 0000 0543 6627

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 15th day of January, 2015 I, Joseph Gonzalez, Deputy Clerk of the 275th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-8896-14-E, RAMON R. CAPANZANA AND JUANITA G. CAPANZANA VS. PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the ____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 15th day of January, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**JOSEPH GONZALEZ, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



CAUSE NUMBER C-8896-14-E

| | | |
|---|---|---|
| RAMON R. CAPANZANA AND JUANITA G. CAPANZANA<br>    Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HIDALGO COUNTY, TEXAS |
| PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD<br><br>    Defendant | § § § § § § | 275 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, RAMON R. CAPANZANA AND JUANITA G. CAPANZANA (hereinafter referred to as ("PLAINTIFFS"), and file their first Original Petition against DEFENDANT, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD for cause of action would respectfully show the Court the following:

I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

II. Service of Process

Defendant, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested to **CT CORPORATIONS SYSTEM, 1999 BRYAN STREET SUITE 900 DALLAS, TEXAS 75201 – 3136**

1

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

whom will then serve process by sending citation and copy of the original petition to **PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD, ONE HARTFORD PLAZA T 17 81 HARTFORD, CT 06155.**

PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD is in the business of insurance in the State of Texas. The insurance business done by PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;
2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;
3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;
4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;
5. The adjusting and inspection of PLAINTFFS insurance claims;
6. Making insurance coverage decisions;
7. Taking part in making insurance coverage decisions; and
8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

2

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFFS' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

IV. Facts

PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFF owns the property located at: 2204 S. 45TH STREET, MCALLEN, TEXAS 78504 Policy# 55 RBD108159; Claim# PP120 481 30. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD provided coverage to the PLAINTIFF for such building, personal property, and other matters under PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD insurance Policy No. 55 RBD108159. During the term of said policy, PLAINTIFFS sustained covered losses in the form of a windstorm/hailstorm events on or about OCTOBER 18, 2012 in Hidalgo County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD pursuant to the terms of the insurance policy.  As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS insurance policy with PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court,

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

including injuries sustained as a result of having conduct business during the pendency of PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD'S conduct.

V. Conditions Precedent

All notices and proofs of loss were timely and properly given to PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFFS recovery has occurred and/ or has been performed, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD. PLAINTIFFS' property was damaged by windstorm and water damage, of which are covered under the insurance policy. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has denied and/or delayed payment of PLAINTIFFS' covered claims. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. PROPERTY &

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

CAUSUALTY INSURANCE COMPANY OF HARTFORD knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD was irresponsible, and unconscionable. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has proximately caused the injuries and damages to the PLAINTIFFS.

VII.   Second Cause of Action: DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS' damages:

(a)   PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD made false representations about PLAINTIFFS' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)   PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD'S actions constitute an unconscionable course of conduct entitling PLAINTIFFS to

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD conduct as described herein was a producing cause of damages to PLAINTIFFS for which PLAINTIFFS sue. The conduct of the PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD may be subject to liability

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII. Unfair Insurance Practices

PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to properly process claims and have misrepresented material facts to the PLAINTIFF. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS'; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD is fully aware. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has concealed damage known by them to exist. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has failed to warn PLAINTIFFS of consequential damage to their property.

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

By its conduct outlined above, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD breached its duty of good faith and fair dealing at common law;

(5) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed within a reasonable time to affirm or deny coverage of a claim to a

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8896-14-E**

(a) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

　(i)　the terms of the policy; and/or

　(ii)　the benefits or advantages promised by the policy.

(b) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f) Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16).

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD conduct as described herein was a producing cause of damages to PLAINTIFF for which it sues.

### IX.   Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS claims were presented to PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS claims, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD breached its duty to deal fairly and in good faith with the PLAINTIFF. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

X.  Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD'S investigation and use of adjusters' reports was an "outcome oriented investigation.". PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b) Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c) Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8896-14-E**

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF are entitled to recover from PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS haVE substantially complied and/or is excused. In the alternative, PLAINTIFF make the allegation of waiver and/or estoppel as to every defense or exclusion plead by PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD as to any exclusion, condition, or defense pled by PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

13

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8896-14-E**

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD. In this regard, PLAINTIFF would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of

Electronically Filed
12/30/2014 9:59:20 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8896-14-E

suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

XIII. JURY DEMAND

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

XIV. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that PROPERTY & CAUSUALTY INSURANCE COMPANY OF HARTFORD disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba.
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR RAMON AND JUANITA CAPANZANA*